**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

RODERICK WHITE
ADC #92057                                                                                              PLAINTIFF

V.                                    NO: 5:06CV00157 WRW/HDY

TIFFANY JONES *et al.*                                                                          DEFENDANTS

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.
2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the

1

>hearing before the District Judge in the form of an offer of
>proof, and a copy, or the original, of any documentary or
>other non-testimonial evidence desired to be introduced at
>the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite 402
>Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, an inmate at the Tucker Maximum Security Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, on June 22, 2006, alleging Defendants violated his constitutional rights when he was charged with a disciplinary violation that was later overturned. Defendants have filed a motion to dismiss (docket entry #8), along with a brief in support (docket entry #9). Plaintiff has filed a response (docket entry #10).

### I. Standard of Review

In evaluating a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers. . . ." *Haines*

*v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).

## II. Analysis

Defendants argue that Plaintiff's complaint should be dismissed because he failed to state a claim upon which relief may be granted, that they have Eleventh Amendment immunity in their official capacities, that they have qualified immunity in their individual capacities, and that there is no *respondeat superior* liability. Because the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted, his complaint should be dismissed.

In his complaint, Plaintiff alleges that Defendant Tiffany Jones ordered him to sit in a chair that was occupied by another inmate at the dining hall on January 17, 2006. When Plaintiff questioned the order, Jones initiated a disciplinary action. Although Plaintiff attempted to speak to the shift supervisor, Defendant John Glasscock, Glasscock refused to speak with him. Plaintiff was served with the charge on January 17, 2006, and it alleged that he had used abusive language toward Jones. Plaintiff further alleges that Jones violated ADC policies by making false charges in the disciplinary. Because of the disciplinary action, Plaintiff lost his job, and was moved to "cell block 7", where he remained until January 22, 2006, when the disciplinary charge was dismissed.

Even assuming Jones filed a false disciplinary charge, such an allegation does not itself state a claim for relief. *Dixon v. Brown*, 38 F.3d 379 (8th Cir. 1994). To prevail on such a claim, Plaintiff must introduce some evidence of a retaliatory motive on the part of the Defendants. Plaintiff has made no such claim. To the extent that Plaintiff asserts a constitutional claim for Jones's failure to follow ADC procedures in drafting the disciplinary charge, his claim must fail, because such a failure does not amount to a constitutional violation. *See Gardner v. Howard*, 109 F. 3d 427, 430 (8th Cir. 1997)(no § 1983 liability for violation of prison policy). Accordingly, Plaintiff's complaint should be dismissed.

Additionally, Plaintiff's claims against Glasscock appear to be based on Glasscock's position as a supervisor. However, it is undisputed that defendants cannot be held liable under § 1983 on a *respondeat superior* basis. *Otey v. Marshall*, 121 F.3d 1150, 1155 (8th Cir. 1997). Prison officials and supervisors may incur liability only for their personal involvement in a constitutional violation or for corrective inaction that amounts to deliberate indifference or tacit authorization of unconstitutional practices. *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993). It does not appear Glasscock had anything to do with the drafting of the disciplinary charge, but merely refused to talk to Plaintiff about it after Jones wrote it. Moreover, as discussed above, the filing of a false disciplinary charge, or the violation of prison policy, is not a constitutional violation.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT Defendants' motion to dismiss (docket entry #8) be GRANTED, and Plaintiff's complaint be DISMISSED WITH PREJUDICE.

DATED this __21__ day of August, 2006.

_____
UNITED STATES MAGISTRATE JUDGE